L. Cooper Overstreet #7-4996
Scott A. Homar #6-33092
Jeffrey M. Boldt #7-4730
Overstreet Homar & Kuker
Attorneys-at-Law
508 East Eighteenth Street
Cheyenne, Wyoming 82001
307.274-4444 telephone
cooper@kukerlaw.com
scott@kukerlaw.com
jeffrey@kukerlaw.com
*Attorneys for Plaintiff*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 OCT 10 PM 4:09

MARGARET BOTKINS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

Case No. _____

| | |
|---|---|
| JAMES DRUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 19-CV-210-S |
| vs. | ) |
| | ) |
| ALOTA SAND & GRAVEL, INC. and, | ) |
| JAMES ROBERTS, Individually, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, James Druse, by and through his attorneys, L. Cooper Overstreet, Scott A. Homar and Jeffrey M. Boldt of OVERSTREET HOMAR & KUKER and hereby states and alleges for his cause of action against Defendants, Alota Sand & Gravel, Inc. and James Roberts, individually as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, James Druse (hereinafter referred to as "Plaintiff") is an individual and a resident of Rockport, Texas.

2. James Roberts ("Roberts") is an individual, and upon information and belief, is a resident of the State of Wyoming. Roberts was the driver of the commercial dump truck type vehicle owned by Alota Sand & Gravel, Inc. ("Alota") (Roberts and Alota may be referred to hereinafter collectively as "Defendants") involved in the collision which gave rise to Plaintiff's

damages.

3. Upon information and belief, Alota is a Wyoming corporation with a principal place of business located at 497 N. Capital Avenue, Idaho Falls, ID 83402 and was the owner of the commercial dump truck involved in the collision which gave rise to Plaintiff's damages.

4. The vehicle collision that injured Plaintiff occurred in Lincoln County, Wyoming.

5. The amount in controversy in this action far exceeds $75,000.00.

6. Jurisdiction for these claims exists pursuant to 28 U.S.C. §1332 as all of the Defendants have diverse citizenship from Plaintiff. Pursuant to 28 U.S.C. §1391(b), the proper venue for Plaintiff's claims lies in the United States District Court for the District of Wyoming.

## FACTS COMMON TO ALL CLAIMS

7. On October 19, 2016, Plaintiff was driving his vehicle southbound on US Highway 89 near Afton, Wyoming.

8. At the same time and place Defendant Roberts was operating a commercial dump truck, owned by Alota, that was also traveling southbound on US Highway 89 near Afton, Wyoming.

9. Upon information and belief, at all times described herein, Roberts was in the scope and course of his employment with, and was acting as the servant and agent of, Alota.

10. The portion of US Highway 89 on which Plaintiff and Roberts were travelling when the collision giving rise to Plaintiff's damages occurred includes a total of two southbound lanes.

11. On the date above stated, the commercial dump truck driven by Roberts, which was owned by Alota, was in the left southbound lane US Highway 89 and Plaintiff, in his own vehicle, was approximately next to Roberts in the right southbound lane US Highway 89. As Plaintiff maintained his position in the right lane, Roberts suddenly, and without warning, turned his vehicle

to the right, and into the right lane occupied by Plaintiff. Plaintiff swerved to his right to avoid the Alota-owned dump truck driven by Roberts but was struck by the dump truck in the driver's side door area causing Plaintiff to lose control and sending Plaintiff's vehicle off the roadway and onto the sidewalk. Plaintiff's vehicle then went into a broadside passenger-side leading slide, came back onto the roadway, and rolled one time.

12. The above described collision caused tremendous damage and destruction to Plaintiff's vehicle and grievous injuries to Plaintiff, including by not limited to, cervical spine fracture, bulging disc, and causing Plaintiff to sustain loss of consciousness and a concussion resulting a traumatic brain injury, frequent headaches, difficulty with attention and concentration, slowed processing speed, difficulty multitasking, fatigue, cognitive dysfunction and emotional distress, posttraumatic stress disorder, and major depressive disorder. As a result of these injuries, Plaintiff has incurred substantial medical expenses, will incur additional expenses for more surgeries that will be required in the future, and has endured, and continues to endure, tremendous pain, suffering, and mental anguish.

## COUNT I
## NEGLIGENCE (Defendant James Roberts)

13. Plaintiff realleges the allegations above and incorporates each of them by reference.

14. On the date above stated, Defendant James Roberts was operating the commercial dump truck owned by Alota in a southbound direction on US Highway 89, near Afton, Wyoming, next to the vehicle operated by Plaintiff, and was then and there guilty of one or more of the following negligent or careless acts or omissions:

    a.    Failed to follow Wyoming Statues concerning overtaking another vehicle, including Wyo. Stat. §§ 31-5-203, 31-5-204, and 31-5-205.

    b.    Drove recklessly in violation of Wyo. Stat. § 31-5-229.

    c.    Failed to maintain a proper lookout;

      d.      Failed to maintain his vehicle under proper control;

      e.      Failed to take appropriate evasive maneuvers to avoid colliding with the vehicle operated by Plaintiff.

15.      As a direct and proximate result of one or more of the foregoing negligent or careless acts or omissions on the part of Roberts, Plaintiff has suffered damages.

## COUNT II
## NEGLIGENCE PER SE (Defendant James Roberts)

16.      Plaintiff realleges the allegations above and incorporates each of them by reference.

17.      State and Federal regulations, statutes and codes govern the operation, inspection, safety and condition of commercial motor vehicles. Defendant Roberts and Defendant Alota violated multiple State and Federal regulations, statutes and codes, including but not limited to:

      d.      Failed to follow Wyoming Statues concerning overtaking another vehicle, including Wyo. Stat. §§ 31-5-203, 31-5-204, and 31-5-205.

      e.      Drove recklessly in violation of Wyo. Stat. § 31-5-229.

      f.      Failed to maintain a proper lookout;

      g.      Failed to maintain his vehicle under proper control;

      h.      Failed to take appropriate evasive maneuvers to avoid colliding with the vehicle operated by Plaintiff.

18.      The violation of these rules, statutes, regulations and ordinances constitutes negligence.

19.      Defendant Roberts violated these rules, statutes, regulations and ordinances when he crashed the Defendant Alota's commercial dump truck into the vehicle being driven by Plaintiff.

20.      Plaintiff was a member of a class of persons for whom said rules, statutes, regulations and ordinances were designed to protect.

21. Defendant Roberts's violation of said rules, statutes, regulations and ordinances constitutes negligence per se.

22. Defendant Roberts's negligence in violating these rules, statutes, regulations and ordinances, was the direct and proximate cause of Plaintiff's damages.

23. Defendant Roberts was willful and wanton and, under such circumstances and conditions that he knew or should have had reason to know, that such conduct would, with a high degree of probability, result in harm to another.

## COUNT III
## NEGLIGENCE (Defendant Alota Sand & Gravel, Inc.)

24. Plaintiff realleges the allegations above and incorporates each of them by reference.

25. On the date above stated, Defendant James Roberts was operating the commercial dump truck owned by Alota in a southbound direction on US Highway 89, near Afton, Wyoming, next to the vehicle operated by Plaintiff, and was then and there guilty of one or more of the following negligent or careless acts or omissions:

    a.    Failed to follow Wyoming Statues concerning overtaking another vehicle, including Wyo. Stat. §§ 31-5-203, 31-5-204, and 31-5-205.

    b.    Drove recklessly in violation of Wyo. Stat. § 31-5-229.

    c.    Failed to maintain a proper lookout;

    d.    Failed to maintain his vehicle under proper control;

    e.    Failed to take appropriate evasive maneuvers to avoid colliding with the vehicle operated by Plaintiff.

26. The Code of Federal Regulations in 49 C.F.R. 390.5 makes Alota liable for the conduct without regard to common law principles regarding independent contractors.

27. As a direct and proximate result of one or more of the foregoing negligent or careless acts or omissions on the part of the Roberts, for which Defendant Alota is vicariously

liable, Plaintiff has suffered damages.

## COUNT IV
### NEGLIGENCE (Defendant Alota Sand & Gravel, Inc.)

28. Plaintiff realleges the allegations above and incorporates each of them by reference.

29. Defendant Roberts was an employee of Defendant Alota.

30. Upon information and belief, it was an essential duty of Defendant Roberts's employment for Defendant Alota to drive the commercial dump truck he was driving at the time he collided with the vehicle being driven by Plaintiff.

31. Defendant Roberts had a duty to act on behalf of Defendant Alota, and he was acting within the course and scope of said employment when the subject collision occurred.

32. Defendant Alota, as the employer of Defendant Roberts, had a right and duty to control the type and matter of work performed by Defendant Roberts.

33. Defendant Alota is responsible for the actions and omissions of Defendant Roberts.

34. As a direct and proximate result of one or more of the above-described negligent or careless acts or omissions on the part of Roberts, for which Defendant Alota is responsible pursuant to the doctrine of *respondeat superior*, Plaintiff has suffered damages.

## COUNT V
### NEGLIGENT ENTRUSTMENT (Defendant Alota Sand & Gravel, Inc.)

35. Plaintiff realleges the allegations above and incorporates each of them by reference.

36. The injuries, harm, and damages were incurred by the Plaintiff as a result of Defendant Roberts' use of the commercial dump truck owned by Defendant Alota.

37. On information and belief, Defendant Alota knew or had reason to know that Defendant Roberts would operate the Alota's commercial dump truck in a negligent and reckless manner because of Defendant Roberts's youth, inexperience, or prior actions.

38. On information and belief, Defendant Alota knew, or had reason to know, that Defendant Roberts was not competent to operate Defendant Alota's commercial dump truck and that entrusting the vehicle to Defendant Roberts involved an unreasonable risk of harm to others.

39. Defendant, Alota Sand & Gravel, Inc., as the employer of Defendant James Roberts and/or the contractor of Defendant Alota Sand & Gravel, Inc., had the right to permit and the power to prohibit the use of this truck by Defendant James Roberts.

40. As a direct result of Defendant Alota negligently entrusting its commercial dump truck to Defendant Roberts, who operated said vehicle owned by Defendant Alota in a negligent and reckless manner or condition, Plaintiff, has suffered damages.

41. Defendant Alota's acts were both willful and wanton and, under such circumstances and conditions that Defendant Alota knew or should have had reason to know, that such conduct would, with a high degree of probability, result in harm to another.

### COUNT VI
### NEGLIGENT HIRING AND RETENTION (Defendant Alota Sand & Gravel Inc.)

42. Plaintiff realleges the allegations above and incorporates each of them by reference.

43. Defendant Alota had a duty to use reasonable care to select a driver who was competent and fit to perform the duties required.

44. Defendant Alota owed such a duty to Plaintiff and such duty was breached.

45. Defendant Alota knew, or should have known, that Defendant Roberts would be likely to operate a motor vehicle in a negligent and reckless manner.

46. Defendant Alota knew or should have known that Defendant Roberts was not competent or fit to operate Alota's commercial dump truck.

47. Defendant Alota breached its duty to use reasonable care to select and retain a driver who was competent and fit for the position.

48.     As a direct result of Defendant Alota negligent hiring and retention of Defendant Roberts, Plaintiff, has suffered damages.

49.     Defendant Alota's acts were both willful and wanton and, under such circumstances and conditions that Defendant Alota knew or should have had reason to know, that such conduct would, with a high degree of probability, result in harm to another.

## DAMAGES

50.     Plaintiff realleges the allegations above and incorporates each of them by reference.

51.     As a direct and proximate result of one or more of the above-described negligent or careless or wanton and willful acts or omissions on the part of Defendant Roberts and/or Defendant Alota, Plaintiff has incurred grievous injuries, including but not limited to, cervical spine fracture, bulging disc, and causing Plaintiff to sustain loss of consciousness and a concussion resulting a traumatic brain injury, frequent headaches, difficulty with attention and concentration, slowed processing speed, difficulty multitasking, fatigue, cognitive dysfunction and emotional distress, posttraumatic stress disorder, and major depressive disorder.

52.     As a further direct and proximate result of one or more of the above-described negligent or careless or wanton and willful acts or omissions on the part of Defendant Roberts and/or Defendant Alota, Plaintiff has incurred substantial medical expenses, will incur additional expenses for more surgeries that will be required in the future, and has endured, and continues to endure, tremendous pain, suffering, and mental anguish.

WHEREFORE, Plaintiff, James Druse claims damages, including punitive damages, in an amount to be determined at trial, substantially in excess of Seventy-Five Thousand Dollars ($75,000.00).

**RESPECTFULLY** submitted this \_\_10\_\_ of October 2019.

By: _____
L. Cooper Overstreet # 7-4996
Scott A. Homar #6-3092
Jeffrey M. Boldt # 7-4730
OVERSTREET, HOMAR & KUKER
Attorneys-at-Law
508 East Eighteenth Street
Cheyenne, Wyoming 82001
307.274-4444 telephone
307.274-4443 facsimile
cooper@kukerlaw.com
scott@kukerlaw.com
jeffrey@kukerlaw.com
*Attorneys for Plaintiff*